GEORGE T. GUERNSEY v. THE FIRST NATIONAL
BANK OF CHERRYVALE *et al.*
No. 12,332.  (65 Pac. 250.)

SYLLABUS BY THE COURT.

1. ATTACHMENT—*Order Rescinding an Order of Dissolution.* After making an order for the dissolution of an attachment a judge of a district court, at chambers, upon application of the plaintiff and a showing that such order was obtained by perjury and fraud, may, after notice to the adverse party, grant a rehearing upon such motion, to ascertain whether the former ruling was induced by such unlawful means, and, if he shall so determine, he may rescind the order dissolving the attachment and deny the motion therefor.

2. ———— *Priority of Liens of Creditors.*  In such case, when the first order of the judge contains a provision that its operation shall be suspended for thirty days, and during the period of sus-

pension the plaintiff procures the order of dissolution to be rescinded in the manner and for the reasons mentioned in the preceding paragraph, such attachment will be considered as continuing in force so as to retain a priority of lien on the part of the plaintiff in said action as against one who, before the making of said first order by said judge, levied an execution subject to the attachment upon the property seized thereunder.

Error from Montgomery district court; A. H. SKID-MORE, judge. Opinion filed June 8, 1901. Division one. Affirmed.

### STATEMENT.

The First National Bank of Cherryvale brought an action against Clotfelter and wife and Chas. W. Booth and wife to recover a judgment of $793.12. An order of attachment was duly issued on October 28, 1895. The sheriff levied on a two-seated carriage. The action remained pending and had not proceeded to judgment when, on December 3, Guernsey, who held a judgment against the parties defendant in the action above mentioned, levied an execution upon the carriage, subject to the attachment of the bank. The defendants in the original action brought by the bank thereafter filed a motion to dissolve the attachment, and on December 21, 1895, the motion came up before the judge of the district court sitting at chambers in another county. At that time an affidavit of the defendant Booth was filed in support of the motion, and the court offered to give the bank time to refute the statements made in the affidavit, but the bank's attorneys refused to accept the offered concession and said they were willing to submit the case on the evidence already introduced. The judge took the matter under advisement, and on December 24 made an order at chambers dissolving the attachment, and providing that plaintiff bank, having excepted, was

allowed thirty days in which to institute proceedings in error for a review, as provided by law, and that the order itself should be suspended until the expiration of the thirty days.   The judge sent it by mail to the clerk of the district court of Montgomery county, where the action was pending, and it was received by the latter on December 26.   For some unexplained reason the clerk did not file the order, but held it in his possession, and on December 30 the judge wrote to him requesting that the order be returned, if it had not been filed.   It was so returned.   On January 2, 1896, the original parties to the suit appeared before the judge at chambers, upon an application made by the bank for a rehearing on the motion, which application was continued for further hearing to January 11, the judge allowing certain affidavits to be taken by each side in the meantime, and upon such rehearing the judge made an order at chambers denying the motion.

Thereafter plaintiff in error, Guernsey, asked leave to interplead in the case, and such request was granted. He filed a pleading setting up the facts, except that he did not expressly charge that the order dissolving the attachment had been rescinded, but he did allege that it had been taken up by the parties, who had full notice that he had acquired a lien upon the property ; that the motion to discharge the attachment could not be lawfully heard without notice to him, and that he had received no notice.   He alleged that he had a prior lien on the property, and asked the court so to adjudge.

A stipulation was filed in the case as to the facts. Presumably this stipulation was considered in the argument on the demurrer hereinafter referred to, but it does not so appear from the record.   The bank

demurred to the interplea of Guernsey, and the demurrer was sustained. Standing on his pleading, Guernsey brings the case here for review.

*J. D. McCue*, for plaintiff in error.

*Ergenbright & Banks*, for defendant in error First National Bank.

The opinion of the court was delivered by

ELLIS, J. : Several questions were ably discussed in the briefs herein, and upon some of them a strong oral presentation was made by counsel for plaintiff in error, who alone appeared at the time the case was set for hearing in this court. In the view we take of the matter in controversy, however, there is but one proposition for us to consider : Did the order of the judge of the court below operate to release at any time the property seized under the attachment as to an execution creditor who had levied subject to such attachment ?

We think this question must be answered in the negative. In reaching this conclusion, we may fully agree with the counsel for plaintiff in error that the action of the clerk in withholding the order of the judge from the files of the case did not prevent such order from taking effect, and while we do not find it necessary, and therefore do not pass upon that question, we are impressed with the reasons existing in favor of the rule that the mere neglect of a clerk to enter the date of reception upon such a paper and place it among the other papers with which it belongs ought not to be construed as nullifying its provisions. But the order itself, containing a clause which prevented it from taking effect, suspended its operation for thirty days from and after December 24, 1895, and

on January 13, 1896, a subsequent order was entered overruling the motion to dissolve the attachment.

Probably because the first order, the one dissolving the attachment, had not been filed the later order did not refer to it. It may be said that the suspension of the first order was granted for a particular purpose only, and that if an application for review should not be perfected and filed within the time limited the order of dissolution would go into effect, and in that event, after the lapse of such time it ought to be regarded as having been in force from its date.

We might grant such a contention without affecting the result, for in this case long before the expiration of that period the plaintiff made application to reopen and rehear said application, on the ground that the affidavit of Booth was false and that its use was a fraud practiced upon the judge, and, whatever may be the rule in such a case as to parties actually acquiring an interest in property after the discharge of the attachment and before a rehearing thereon, in this case the rights of no third parties intervened; and as to the parties to the action the judge at chambers undoubtedly had a right, upon notice, to bring them before him and make an order which, under the facts really existing, was legal and just.

The plaintiff in error, having levied subject to such attachment, could not obtain priority until the same was dissolved, and as to him the plaintiff below had a right to make application to review the judge's first order in the appellate court, or it could apply to said judge, and for good cause shown procure an order which was tantamount to a reversal of it, which would have been all it could have gained by proceedings in error in an appellate tribunal.

The judgment of the district court is affirmed.

JOHNSTON, CUNNINGHAM, GREENE, JJ.. concurring.